UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 92-2598

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS ECHEVARIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

ON PETITION FOR REHEARING

( Opinion June 2, 1993, 5th Cir.,_____F.2d_____ )

July 1, 1993

Before GOLDBERG, GARWOOD and WIENER, Circuit Judges.

GOLDBERG, Circuit Judge:

     The petition for rehearing is hereby granted and this opinion
is substituted for the earlier opinion issued on June 2, 1993.

     Carlos Echevaria pleaded guilty to possession of crack cocaine
with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1).
At the sentencing hearing, the district court found that

1

Echevaria's offense occurred within one thousand feet of a "protected area" and enhanced Echevaria's sentence by two levels under § 2D1.2 of the United States Sentencing Guidelines ("U.S.S.G."). On appeal, Echevaria challenges the district court's application of § 2D1.2. We affirm.

FACTS and PROCEEDINGS BELOW

The facts of this case are not in dispute. On the evening of February 18, 1992, at approximately 7:55 p.m., undercover police officer R.F. Benavides drove through the parking lot of an apartment complex in Houston. Benavides was flagged down by Echevaria who asked Benavides what he needed. Benavides told Echevaria that he wished to purchase $120 worth of crack cocaine. Echevaria sold the requested amount of crack to Benavides and was promptly arrested by other police officers on the scene. The parking lot at which the transaction between Echevaria and Benavides took place was 634 feet away from the "Robindell School," a private kindergarten.

During Echevaria's sentencing hearing, the government urged the district court to enhance Echevaria's sentence under § 2D1.2 of the U.S.S.G. because the drug offense occurred within a thousand feet of a "protected location." Echevaria objected to the enhancement, arguing that the Robindell School is not a protected location. The district court agreed with the government that the Robindell School was a protected location and increased Echevaria's sentence by two offense levels. Echevaria was sentenced to 36

months imprisonment to be followed by six years of supervised release.

ANALYSIS

Section 2D1.2 of the U.S.S.G. provides for an enhanced sentence for offenses occurring near protected locations. Protected locations are defined in 21 U.S.C. 860[1] as all areas

> within one thousand feet of the real property comprising a public or private elementary, vocational, or secondary school, or a public or private college, junior college, or university, or playground, or within 100 feet of a public or private youth center, public swimming pool, or video arcade facility.

It is undisputed that Echevaria sold crack cocaine within one thousand feet of the Robindell School. The question we must resolve is whether the Robindell School, a kindergarten, is a "protected location" within the meaning of § 860.

The government claims that kindergartens are protected locations under § 860 because they fall within the definition of "elementary schools." Unfortunately, § 860 does not define or elaborate on the meaning of "elementary schools." The question of whether a kindergarten is an elementary school for the purposes of § 860 has never been squarely addressed by a federal court. Two federal courts have indicated in dicta that kindergartens are not elementary schools. The Ninth Circuit in United States v. Pitts intimated that elementary schools "may not include day care centers or preschools." 908 F.2d 458, 460 n.4 (9th Cir. 1990). Similarly,

---

[1] The statute was originally codified at 21 U.S.C. 845a.

the District of Connecticut, in United States v. Parsell, 815 F.Supp 84 (D. Conn. 1993), stated in dicta that under the "rule of lenity" a religious nursery school might well fall outside the scope of § 860.[2]

To determine whether the Robindell School is an elementary school under § 860, we must examine the purpose behind § 860. Congress enacted § 860 in recognition of the dangers that drugs, and the crimes associated with drug dealing, pose to children.  As we explained in U.S. v. Wake:

> there is an obvious and great danger in the mere presence of drug dealers around schools.  Among other things, the existence of large quantities of prohibited substances in a school zone, not to mention the concomitant crimes and risk of harm associated with drug dealers, increases greatly the likelihood that schoolchildren will come in contact with them or otherwise be placed directly in harm's way. 948 F.2d 1422, 1433 (5th Cir. 1991) cert. den. 112 S.Ct. 2944 (1992).

The aim of the statute is to "create a 'drug-free zone' around our schools and to send a clear signal to drug dealers that we will not tolerate their presence near our schools." United States v. Crew, 916 F.2d 980, 982 (5th Cir. 1990)(quoting 130 Cong.Rec. S559, statement of Senator Hawkins).  The statute attempts to create the desired drug free zones by penalizing more harshly drug transactions that occur near places, such as schools, where children gather.

Section 860 places "the burden on drug dealers to ascertain

---

[2]  A Florida state court of appeals, interpreting a state law analogous to § 860, ruled that a kindergarten is not an elementary school.  State of Florida v. Roland, 577 So.2d 680 (Fla. App. 1991).

their proximity to schools." <u>U.S. v. Wake</u>, 948 F.2d at 1433. If a defendant distributes, possesses with the intent to distribute, or manufactures a controlled substance within a thousand feet of a school his sentence may be enhanced regardless of whether the defendant intended to commit a drug offense within one thousand feet of a school.

Examining the nature of the Robindell School in light of Congress' intent in enacting § 860, we find that the Robindell School is an elementary school and a protected location within § 860. Any reasonable person who attempted to ascertain the proximity of schools to the parking lot where the drug sale took place would have easily noticed the presence of the Robindell School 634 feet away. The Robindell School is a private educational institution that is indistinguishable from an ordinary elementary school in size, operation, and outward physical appearance. The school teaches three hundred and fifty students. It has numerous enclosed classrooms, two playgrounds,[3] a lunch room, and a teacher's lounge.

While the Robindell School predominantly teaches kindergarten age children, the school also provides after-school tutoring for children up to twelve years of age. Students at the Robindell School sit in classrooms behind desks while receiving instruction

_____

[3] We note that even if the Robindell School was not an elementary school, the school might still be a protected location under § 860 as a "playground."

in math, spelling, reading, phonics, social studies, and health.[4] The teachers at the Robindell School are state licensed and certified, and must undertake annual continuing education.[5]

The school posts a large sign in the front of its building reading: "THE ROBINDELL SCHOOL." Due to the school's own designation, its appearance, and its function, a reasonable passerby could not distinguish the Robindell School from an ordinary elementary school. In fact, in all years prior to the school year of Echevaria's offense, the Robindell School did teach first and second grade.

Given the nature of the Robindell School, finding that it is a protected location under § 860 furthers Congresses's intent in enacting § 860. Echevaria cannot reasonably claim to have concluded that the Robindell School is not an elementary school. The building posts a sign advertizing itself as a school, is large enough to have three hundred and fifty students, two playgrounds and numerous classrooms. The Robindell School is readily observable as the kind of place that Congress wanted to make a drug free protected area. We note that while we conclude that the Robindell School is an elementary school under § 860, we need not

---

[4] One can easily imagine these children singing "school days, school days, golden golden rule days. Reading and writing and arithmetic, taught to the tune of a hickory stick."

[5] We also note that Texas law provides for free public kindergartens, see Tex. Educ. Code Ann. § 21.132 (Vernon 1987 & Supp 1993), the state board of education selects textbooks for use in kindergarten, see Tex. Educ. Code Ann. § 12.14(a), and in the Texas public school system, kindergartens are considered part of the elementary schools, see Tex. Educ. Code Ann. § 21.797 (Vernon Supp 1993).

decide whether all kindergartens are elementary schools under § 860.

Having concluded that the Robindell School is an elementary school under § 860 and thus a protected location, we must review the district court's two level enhancement of Echevaria's sentence under U.S.S.G. § 2D1.2(a)(1). Section 2D1.2(a)(1) provides for a two level sentence increase on the basis of the "quantity of controlled substances directly involving a protected location. . ." Echevaria argues that a two level increase under § 2D1.2(a)(1) is inappropriate in the instant case because his transaction with Benavides did not "directly involve" the protected location. Echevaria points out that the sale of crack involved two adults, neither of whom had anything to do with the school. However, as the Ninth Circuit recently found in United States v. Walker, No. 92-50223 (9th Cir. May 19, 1993), slip op. 5158, "[i]t does not matter whether the drugs were sold on school property or to school children, or whether the drugs were merely possessed near the protected location by someone unconnected to the school. It suffices that the drugs are present within 1,000 feet of the school."[6] The district court correctly held that Echevaria's drug

_____

[6] In Walker, the Ninth Circuit explained the intended meaning of the phrase "directly involving" in the context of § 2D1.2(a)(1): the phrase directly involving a protected location in subsection (a)(1) is intended to distinguish that quantity from the 'total quantity' of controlled substances involved in the offense. Thus, the distinction drawn by the Guideline is between drugs actually sold or possessed near the location and

offense directly involved a protected area for the purposes of §
2D1.2(a)(1).

## CONCLUSION

For the foregoing reasons we AFFIRM the decision of the district court.

---

those drugs that are part of the same course of conduct but are sold or possessed outside the protected area.  Walker Slip Op. at 5157.