UNITED STATES of America, Plaintiff,

v.

Miguel Calderon SALMIENTO, Ramon Zorrilla, Fernando Montilla Rivera, Defendants.

Crim. No. 95–85(DRD).

United States District Court, D. Puerto Rico.

Sept. 26, 1995.

Carlos Noriega–Rodriguez, Hato Rey, PR, for Miguel Calderon.

Benicio Sanchez–Rivera, Federal Public Defender, Old San Juan, PR, Gustavo A. Gelpí, Jr., Asst. Federal Public Defender, San Juan, PR, for Ramon Zorrilla.

Gregorio Lima, Bayamon, PR, for Fernando Montilla–Rivera.

Antonio R. Bazan–Gonzalez, U.S. Attorney's Office District of P.R. Criminal Division, Hato Rey, PR, for U.S.

## OPINION AND ORDER

DOMINGUEZ, District Judge.

Codefendants Ramón Zorrilla, Miguel Calderón–Salmiento and Fernando Montilla–Rivera, challenge the constitutionality of Ti-

tle 21 U.S.C. § 860 commonly referred to as the Drug Free School Zones Act of 1984. The statute establishes a crime for an individual to possess with intent to distribute a controlled substance within one thousand feet of a school zone. Codefendants Ramón Zorrilla and Miguel Calderón–Salmiento plead guilty, subject to constitutional challenge, to Count Four of the indictment of aiding and abetting each other of possession with intent to distribute approximately two kilograms of cocaine within one thousand feet (1,000) of a public school to wit Petra Ramón Vigo Public School. Codefendant Fernando Montilla Rivera was found subsequently guilty of said count after a trial by a Jury.

All codefendants challenge the constitutionality of the statute, 21 U.S.C. § 860, alleging that enactment of the statute violates Article I § 8 cl. 3 of the United States Constitution based on the case of *United States v. López,* —— U.S. ——, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). Codefendants allege that the statute in question has the same constitutional infirmity that suffered by Section 922(q) of the law found unconstitutional by the Supreme Court in *U.S. v. López,* supra. Codefendants aver that the proximity of a drug crime to a school has no relationship to commerce. Defendants further allege that Section 860 lacks nexus to interstate commerce and further codefendants allege that Section 860 was not "chaperoned by congressional findings on its effects in interstate commerce." Defendants conclude that "both provisions [Section 860 and 922] made it a novel federal criminal offense to commit a possession offense (be it that of a gun or of drugs) within one thousand feet of a school." The Court disagrees. We briefly explain.

In *López* the Supreme Court had before the Court whether the Gun–Free Schools Act of 1990, 18 U.S.C. § 922(q)(1)(A) was a proper constitutional enactment under constitutional authority to regulate interstate commerce. The statute stated: "It shall be unlawful for any individual knowingly to possess a firearm at a place that the individual knows or has a reasonable cause to believe is a school zone." 18 U.S.C. § 922(q)(1)(A). The Supreme Court noted that "[t]he act neither regulates a commercial activity nor contains a requirement that possession be connected in any way to interstate commerce," *López,* —— U.S. at ——, 115 S.Ct. at 1626.

In *López* the Supreme Court revisited the three categories of activity that Congress may regulate under the Commerce Clause. "First, Congress may regulate the use of the channels of interstate commerce" *López,* —— U.S. at ——, 115 S.Ct. at 1629. "Second, Congress is empowered to regulate and protect the instrumentalities of interstate commerce or persons or things in interstate commerce, even though the threat may come only from interstate activities." *Id.* And "lastly Congress' commerce authority includes the power to regulate those activities having a substantial relation to interstate commerce," *Id.* at ——, 115 S.Ct. at 1625–30. In other words whether or not the regulated activity "substantially affects interstate commerce," *Id.* at ——, 115 S.Ct. at 1630.

The Court applied the three broad categories authorizing Congressional Commerce Clause action to the Drug Free School Zones Act. The Court quickly disposed of the "channels of interstate commerce" category since the schools nor gun possession is related to this category. *Id.* at ——, 115 S.Ct. at 1630. The Court also found that the law did not deal with an "instrumentality of interstate commerce or persons or things in interstate commerce" and, hence, dismissed this alternative. *Id.*

The Court next turned to the third category to determine potential congressional authority to determine whether gun possession in a school zone "substantially affects interstate commerce." The court stated that past Supreme Court cases demonstrated that "[w]here economic activity substantially affects interstate commerce, legislation regulating that activity will be sustained." *Id.* Interpreting *López* Courts have held that "(1) Section 922(q) had nothing to do with an economic enterprise or commerce, (2) the Act was not part of a larger economic activity regulating scheme, (3) the Act did not require as one of its jurisdictional elements that the firearm possessed have a nexus to interstate commerce, and (4) that Congress had not assisted the Court with legislative

findings sharing the effect upon interstate commerce." *U.S. v. Garcia–Beltran,* 890 F.Supp. 67 (D. Puerto Rico 1995).[1]

However, the Court explained that "[t]he possession of a gun in a local school zone is in no sense an economic activity that might, through regulation elsewhere, substantially affects any sort of interstate commerce." *López,* —— U.S. at ——, 115 S.Ct. at 1634.

The Court now turns to the application of the *López* standards to determine the constitutionality of the statute at hand, 21 U.S.C. § 860.

As in the case of *López,* there is no doubt that the challenged statute does not pass muster under the category of "use of the channels of interstate commerce" nor congressional authority to "regulate and protect the instrumentalities of interstate commerce." The Court must examine, however, congressional authority under "the power to regulate those activities having a substantial relation to interstate commerce" or in other words, whether or not the regulated activity of possession with intent to distribute two kilograms of cocaine within one thousand feet of a school zone "substantially affects interstate commerce."

Federal Courts have uniformly held that no interstate nexus is required in violations of possession, distribution and/or sale of controlled substances under the Comprehensive Drug Abuse Prevention and Control Act of 1970, *United States v. Montes–Zarate,* 552 F.2d 1330, 1331 (9th Cir.1977) cert. denied 435 U.S. 947, 98 S.Ct. 1532, 55 L.Ed.2d 545 (1978); *United States v. Atkinson,* 513 F.2d 38, 39–40 (4th Cir.1975) cert. denied 435 U.S. 947, 98 S.Ct. 1532, 55 L.Ed.2d 545 (1978); *United States v. López,* 459 F.2d 949 (5th Cir.1972). See also *White v. United States,* 399 F.2d 813 (8th Cir.1968); *United States v. Esposito,* 492 F.2d 6 (7th Cir.1973) cert. denied 414 U.S. 1135, 94 S.Ct. 879, 38 L.Ed.2d 760 (1974); *United States v. Scales,* 464 F.2d 371 (6th Cir.1972).

Initially the defendant suggests the unconstitutionality of the Act in its application here. The point is that no federal authori-

ty existed for the punishment of a wholly interstate possession and distribution. The position is not tenable. Congressional findings in which the legislation rested disclosed that interstate possession, distribution and sale of drugs such as heroin directly and injuriously affected the introduction of them into other states to the injury of public health and welfare there. *U.S. v. Atkinson,* supra at 39–40.

In *U.S. v. Thornton,* 901 F.2d 738, 741 (9th Cir.1990) the Ninth Circuit was faced with a constitutional attack on this same statute based in the same grounds as the challenge made by codefendants. In that case the defendants also alleged that the protection of children from drugs is purely an interstate concern and "outside the scope of legislative action." *Thornton* at 741. Citing *Pérez v. United States,* 402 U.S. 146, 91 S.Ct. 1357, 28 L.Ed.2d 686 (1971) the Court held that the proscribed activity had "an effect on interstate commerce" *Thornton Id.* Further in finding constitutional the enhanced penalty created in cases of sale of drugs within 1000 feet from an elementary school, the Court stated that "[t]he fact that Congress also sought to protect children from the sale of drugs will not render unconstitutional its otherwise constitutional effects to regulate drug trafficking." *Thornton, Id.*

In *U.S. v. McDougherty,* 920 F.2d 569 (9th Cir.1990) cert. denied 499 U.S. 911, 111 S.Ct. 1119, 113 L.Ed.2d 227 (1991) in a reiterated challenge to the questioned statute the Court stated that "drug trafficking affects interstate commerce ... (citations omitted). It would be highly illogical to believe that such trafficking somehow ceases to affect commerce when carried out within 1000 feet of a school (citations omitted). There is no legal reason why Congress cannot choose to punish some behavior affecting commerce more harshly than other behavior based upon its detriment to society." *McDougherty id.* at 572.

The Court, therefore, concludes that no nexus to interstate commerce is required for a drug transaction of two kilograms of cocaine in a school zone. *U.S. v. Thornton,*

---

1. Opinion of District Judge Héctor M. Laffitte dismissing a constitutional challenge based on the same grounds as the instant case to 18 U.S.C. § 2119, car jacking statute.

supra; *U.S. v. McDougherty*, supra. The Court further concludes that no congressional finding of effects of a drug transaction of two kilograms of cocaine on interaction with commerce is necessary to be contained in the law since said conclusion has been made by the Courts. *U.S. v. Montes–Zarate*, supra. Finally, the Court finds that congressional authority to legislate the proscribed activity (possession of two kilograms of cocaine in a school zone) is found in that the proscribed activity "substantially affects interstate commerce." *U.S. v. López*, supra, —— U.S. at ——, 115 S.Ct. at 1630.

The statute is hence constitutional. The argument of all codefendants constitutionally challenging the enhancement penalty provisions of the law is, therefore, **DISMISSED.**

IT IS SO ORDERED.