UNITED STATES of America, Appellee,

v.

Ramon ZORRILLA, Defendant, Appellant.

UNITED STATES of America, Appellee,

v.

Miguel Calderon SALMIENTO, Defendant, Appellant.

Nos. 95–2365, 95–2249.

United States Court of Appeals, First Circuit.

Heard Aug. 1, 1996.

Decided Aug. 19, 1996.

Gustavo A. Gelpi, Jr., Assistant Federal Public Defender, San Jaun, PR, with whom Benicio Sanchez Rivera, Guaymabo, PR, Federal Public Defender, was on brief, for appellants.

Jose A. Quiles–Espinosa, Senior Litigation Counsel, Hato Rey, PR, with whom Guillermo Gil, United States Attorney, Antonio R.

Bazan and Nelson Perez–Sosa, Assistant United States Attorneys, were on brief, for appellee.

Before SELYA, CYR and LYNCH, Circuit Judges.

SELYA, Circuit Judge.

Defendants Ramon Zorrilla and Miguel Calderon Salmiento were charged, *inter alia,* with aiding and abetting each other in the intended distribution of a controlled substance (approximately two kilograms of cocaine) within 1,000 feet of a school. *See* 21 U.S.C. §§ 841(a)(1) & (b)(1)(B), 860(a); 18 U.S.C. § 2.[1] They challenged the constitutionality of section 860(a), but the district court ruled against them. *See United States v. Salmiento,* 898 F.Supp. 45, 46–48 (D.P.R. 1995). They then pled guilty to the charge, reserving the right to revisit the constitutional question on appeal. The lower court sentenced them under 21 U.S.C. § 841(b), making use of the enhancement directed by 21 U.S.C. § 860(a). These proceedings followed.

■ We review the constitutionality of an Act of Congress de novo. *See United States v. Gifford,* 17 F.3d 462, 472 (1st Cir. 1994). The statute that the appellants challenge, 21 U.S.C. § 860(a), by its terms applies to some—but not all—offenders who manufacture or distribute, or who possess with intent to manufacture or distribute, controlled substances, thereby violating 21 U.S.C. § 841(a)(1). The selection process under section 860(a) operates by plucking from the mine-run of miscreants who violate section 841(a)(1) those whose crimes are committed within 1,000 feet of a school and essentially doubling the maximum available punishment. Thus, section 860(a) is a sentence-enhancer, pure and simple.

■ The defendants contend that this sentence-enhancement scheme runs afoul of the Commerce Clause, U.S. Const. art. I, § 8, cl. 3, because Congress lacked power under the Clause to legislate in this realm. They pin their hopes on the Court's opinion in

*United States v. Lopez,* —— U.S. ——, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995). Their reliance is mislaid.

We need not tarry. Although the *Lopez* Court struck down the Gun–Free School Zones Act, 18 U.S.C. § 922(q) (criminalizing the possession of firearms within a school zone), on the ground that the prohibited conduct was not of a type that substantially affects interstate commerce, —— U.S. at ——, 115 S.Ct. at 1631, it did so because the underlying conduct—firearms possession *simpliciter*—"has nothing to do with 'commerce' or any sort of economic enterprise, however broadly one might define those terms." *Id.* at ——, 115 S.Ct. at 1630–31. The *Lopez* Court nonetheless made it perfectly clear that, under the Commerce Clause, Congress could regulate, *inter alia,* those activities which have a consequential effect on, or which bear a meaningful relation to, interstate commerce. *See id.* at ——, 115 S.Ct. at 1629–30 (citing *NLRB v. Jones & Laughlin Steel Corp.,* 301 U.S. 1, 37, 57 S.Ct. 615, 624, 81 L.Ed. 893 (1937)).

■ This is such a case. Here, unlike in *Lopez,* the statutory scheme has an unmistakable commercial nexus and the underlying conduct possesses a significant economic dimension. Many courts, including this court, have held that drug trafficking is precisely the kind of economic enterprise that substantially affects interstate commerce and that, therefore, comes within Congress's regulatory power under the Commerce Clause. *See, e.g., United States v. Lerebours,* 87 F.3d 582, 584–85 (1st Cir.1996); *United States v. Staples,* 85 F.3d 461, 463, *amended,* (9th Cir. June 28, 1996); *United States v. Genao,* 79 F.3d 1333, 1336–37 (2d Cir.1996); *United States v. Wacker,* 72 F.3d 1453, 1475 (10th Cir.1995), *petition for cert. filed,* No. 95–9284 (U.S. June 10, 1996); *United States v. Brown,* 72 F.3d 96, 97 (8th Cir.1995) (per curiam), *cert. denied,* —— U.S. ——, 116 S.Ct. 2581, 135 L.Ed.2d 1095 (1996); *United States v. Leshuk,* 65 F.3d 1105, 1112 (4th Cir.1995). Indeed, Congress made particu-

---

**1.** We reproduce the relevant text of sections 860(a), 841(a)(1), and 841(b)(1)(B) in the appendix. 18 U.S.C. § 2 is, of course, the familiar statute that criminalizes aiding and abetting, and we see no need to reprint it.

larized findings to this effect when it enacted the full panoply of criminal laws anent controlled substances. *See* 21 U.S.C. § 801.

Given both this background and the truism "that courts, when passing upon the constitutionality of a statutory provision, must view it in the context of the whole statutory scheme," *Vote Choice, Inc. v. DiStefano,* 4 F.3d 26, 33 (1st Cir.1993), it is not surprising to find that every court which has confronted the appellants' argument in the post-*Lopez* era has upheld section 860(a) against a Commerce Clause challenge. *See, e.g., United States v. Tucker,* 90 F.3d 1135, 1138–41 (6th Cir.1996) [1996 WL 413411, at *1–4]; *United States v. Rogers,* 89 F.3d 1326, 1337–38 (7th Cir.1996); *United States v. Clark,* 67 F.3d 1154, 1165–66 (5th Cir.1995), *cert. denied,* —— U.S. ——, 116 S.Ct. 1432, 134 L.Ed.2d 554 (1996); *United States v. Garcia–Salazar,* 891 F.Supp. 568, 569–72 (D.Kan.1995); *see also United States v. McDougherty,* 920 F.2d 569, 572 (9th Cir.1990) (scuttling pre-*Lopez* Commerce Clause challenge to earlier version of § 860(a)), *cert. denied,* 499 U.S. 911, 111 S.Ct. 1119, 113 L.Ed.2d 227 (1991). Because we do not doubt that Congress has the authority under the Commerce Clause to regulate an activity as clearly commercial in character as drug trafficking, and because the particular statute that the appellants challenge is nothing more than a sentence-enhancer applicable to certain proscribed drug trafficking activities, we hold that 21 U.S.C. § 860(a) does not trespass into constitutionally forbidden terrain. *See generally Lopez,* —— U.S. at ——, 115 S.Ct. at 1633 (hypothesizing that a law enacted by virtue of Congress's "authority under the Commerce Clause to regulate numerous commercial activities that substantially affect interstate commerce and also affect the educational process" would survive a constitutional attack).

We need go no further.[2] The challenged statute, 21 U.S.C. § 860(a), passes constitutional muster under the Commerce Clause.

Hence, the defendants' convictions and sentences must stand.

***Affirmed.***

*STATUTORY APPENDIX*

The sentence-enhancing statute, 21 U.S.C. § 860(a), provides in relevant part (with certain exceptions not applicable here) that:

> Any person who violates section 841(a)(1) ... of this title by distributing, possessing with intent to distribute, or manufacturing a controlled substance in or on, or within one thousand feet of, the real property comprising a public or private elementary, vocational, or secondary school or a public or private college, junior college, or university, or a playground, or housing facility owned by a public housing authority, or within 100 feet of a public or private youth center, public swimming pool, or video arcade facility, is ... subject to (1) twice the maximum punishment authorized by section 841(b) of this title; and (2) at least twice any term of supervised release authorized by section 841(b) of this title for a first offense. A fine up to twice that authorized by section 841(b) of this title may be imposed in addition to any term of imprisonment authorized by this subsection....

Section 860(a) cross-references 21 U.S.C. § 841(a)(1), which provides in relevant part:

> Except as [otherwise authorized by law], it shall be unlawful for any person knowingly or intentionally—
>
> (1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance....

Section 860(a) also cross-references 21 U.S.C. § 841(b)(1), which provides in relevant part:

> Except as otherwise provided in section 859, 860, or 861 of this title, any person who violates subsection (a) of this section shall be sentenced as follows:
>
> *     *     *     *     *     *

---

**2.** To the extent that the appellants raise a developed Tenth Amendment challenge to 21 U.S.C. § 860(a), it is unavailing. *See Lerebours,* 87 F.3d at 585; *United States v. Owens,* 996 F.2d 59, 60–61 (5th Cir.1993) (per curiam).

(B) In the case of violation of subsection (a) of this section involving—

\* \* \* \* \* \*

(ii) 500 grams or more of a mixture or substance containing a detectable amount of—

\* \* \* \* \* \*

(II) cocaine, its salts, optical and geometric isomers, and salts of isomers;

\* \* \* \* \* \*

such person shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years ..., a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, or $2,000,000 if the defendant is an individual....