IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 96-20727

———————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL LEE CHANDLER,

Defendant-Appellant.

———————————————————————————————————————

Appeal from the United States District Court for the
Southern District of Texas

———————————————————————————————————————

October 10, 1997

Before POLITZ, Chief Judge, BENAVIDES and PARKER, Circuit Judges.

BENAVIDES, Circuit Judge:

The defendant, Michael Lee Chandler, appeals the sentence imposed following his guilty plea to one count of possessing cocaine base with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). For the reasons set forth below, we vacate and remand for resentencing.

I.

On July 21, 1995, Houston Police Officer Steve Frank was patrolling the Irvington Village Apartment Complex, a federally funded public housing complex, located in Houston, Texas, as part of his regular assignment. At approximately 11:30 p.m., Officer Frank observed Chandler, who was sitting on a bicycle, leaning into the window of a Chevy Blazer and speaking to the driver. When

Officer Frank saw Chandler, he noticed that Chandler's bicycle had no headlight, which was a violation of a city ordinance. Officer Frank also suspected, based on his experience as a police officer, that Chandler might be dealing in narcotics. Based on these observations, Officer Frank started to approach Chandler.

When Chandler observed Officer Frank approaching him, Chandler turned and fled on his bicycle. A chase ensued. During the chase, Chandler threw a medicine bottle he was carrying into some nearby bushes. Shortly thereafter, Officer Frank caught Chandler, handcuffed him, and placed him in the back of his patrol car. Officer Frank then retrieved the medicine bottle, the contents of which field-tested positive for the presence of cocaine. Laboratory tests later revealed that the medicine bottle contained 13.2 grams of crack cocaine. In addition, during a routine pat-down search of the defendant, Officer Frank discovered that Chandler had $2600 in cash, mostly in small denominations, on his person.

On August 11, 1995, Chandler was charged in a one-count indictment with possession with intent to distribute five or more grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 860. Although the indictment cited 21 U.S.C. § 860, counsel for the government conceded at oral argument that it was never the government's intention to charge the defendant with violating § 860. Instead, counsel stated that the government sought to charge the defendant under § 841(a)(1) and then seek a sentence enhancement under § 860.

On March 11, 1996, Chandler pleaded guilty to violating § 841(a)(1) (possession with intent to distribute a controlled substance). At the rearraignment, the district court advised Chandler of the penalties for violating § 841(a)(1) as those penalties are prescribed in § 841(b)(1)(B)(iii). Specifically, the court advised Chandler that the offense to which he pleaded guilty carried a

punishment of five to forty years imprisonment, up to four years of supervised release, and up to a two million dollar fine. At no point during the rearraignment did the court inform the defendant of the penalties associated with violating § 860.

In preparation for sentencing, the court instructed the Probation Officer to prepare a presentence investigation report ("PSR"). The PSR in this case reflected a base offense level of 26 under U.S.S.G. § 2D1.1, but added a two-level increase under U.S.S.G. § 2D1.2 because the offense occurred near a protected location, as defined by 21 U.S.C. § 860. After a three level reduction for acceptance of responsibility, the PSR reflected a total offense level of 25. Based on four criminal history points, the PSR Addendum reflected a criminal history category of III, resulting in an imprisonment range of seventy to eighty-seven months. The PSR also reflected harsher penalties than those discussed at the rearraignment. In particular, the PSR reflected that the statutory punishment range was five to eighty years imprisonment, up to eight years of supervised release, and up to a four million dollar fine.

Chandler filed a written objection to the PSR, in which he objected, *inter alia*, to the two-level increase under § 2D1.2. According to Chandler, the increase under § 2D1.2 was inappropriate because he had not pleaded guilty to violating 21 U.S.C. § 860. At the sentencing on July 29, 1996, the district court overruled Chandler's objections and sentenced Chandler to eighty-seven months imprisonment, to be followed by an eight-year term of supervised release. In addition, although the district court did not fine Chandler, finding that he lacked the resources to pay such a fine, the district court did impose a fifty dollar special assessment. Finally, the district court ordered that Chandler pay half of his prison earnings, if any, to his daughter's mother for child support.

3

II.

Chandler raises four issues on appeal. First, Chandler argues that the district court improperly increased his sentence on the basis of 21 U.S.C. § 860 and U.S.S.G. § 2D1.2. According to Chandler, § 860 is a substantive offense and its enhanced penalties, including application of U.S.S.G. § 2D1.2, apply only when a person is convicted of violating § 860. Second, Chandler argues that, because § 860 is a substantive offense, the indictment was fundamentally defective because it failed to allege the essential elements of § 860. Third, Chandler argues that, because § 860 is a substantive offense, the district court failed to comply with Rule 11 of the Federal Rules of Criminal Procedure by not informing him of the penalties associated with violating § 860. Finally, defendant argues that the district court lacked authority to order the defendant to make child support payments as a criminal sanction.

A.

1.

The threshold issue in this case is whether 21 U.S.C. § 860 is a substantive offense or merely a penalty enhancer of 21 U.S.C. § 841(a)(1). "The legal characterization of 21 U.S.C. § 860 and its relation to § 841 are questions of law to be decided de novo." *United States v. Smith*, 13 F.3d 380, 382 (10th Cir. 1993); *see United States v. Courtney*, 979 F.2d 45, 48 (5th Cir. 1992).

The government, relying on a number of cases from this circuit which refer to 21 U.S.C. § 860 as a sentence enhancer, *see, e.g.*, *United States v. Smith*, 13 F.3d 860 (5th Cir. 1994); *United States v. Echevaria*, 995 F.2d 562 (5th Cir. 1993); *United States v. Wake*, 948 F.2d 1422 (5th Cir. 1991), argues that Chandler's conviction was properly increased under § 860. Although we

4

recognize that each of those cases refers to § 860 or 21 U.S.C. § 845a (now recodified as § 860) as a sentence enhancer, not one of those cases directly addressed the issue of whether § 860 was a substantive offense or merely a sentence enhancer of § 841(a)(1).

For example, in *Smith*, the defendants were convicted of three drug offenses in connection with the sale of crack cocaine to an undercover police officer. On appeal, the defendants argued that the district court miscalculated the quantity of crack cocaine to be considered in their sentencing. Agreeing with one of the defendants, the court reversed and remanded for resentencing. At the end of the opinion, the court noted that the drug offense for which the defendants were convicted occurred within 1000 feet of a school. According to the court, this brought into play the federal sentencing enhancement statute of 21 U.S.C. § 860. Although the court raised the possibility that an enhanced sentence was appropriate, the court specifically noted that the issue was not raised by the government and was not before the court. *Smith*, 13 F.3d at 868.

Likewise, in *Echevaria*, the defendant pleaded guilty to possession of crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). *Echevaria*, 995 F.2d at 562. At the sentencing hearing, the district court found that Echevaria's offense occurred within 1000 feet of a "protected area" and enhanced the defendant's sentence under U.S.S.G. § 2D1.2. On appeal, Echevaria challenged only whether a private kindergarten is a protected location within the meaning of § 860. *Echevaria*, 995 F.2d at 563. Thus, whether § 860 was a substantive offense or merely a sentence enhancer of § 841(a)(1) was not before the court.

Finally, in *Wake*, the defendant was specifically charged with and convicted of, *inter alia*, possessing with intent to distribute a controlled substance within 1000 feet of a school. 948 F.2d at 1425. On appeal, the defendant did not contest the jury's finding that he possessed cocaine within

1000 feet of a school or that he intended to distribute it somewhere. Instead, he argued that the schoolyard statute did not apply unless the jury found that he intended to distribute the controlled substance within 1000 feet of the protected area. Thus, the question of whether § 845a was a sentence enhancer or a substantive offense was neither before the court nor necessary to the resolution of the issue before it.

Contrary to the government's assertions, therefore, this court has not held that § 860 is a sentence enhancer of § 841 rather than a substantive offense.[1] Accordingly, we now address the issue.

In determining whether a statute constitutes a sentence enhancer or a substantive offense, we look to the intent of Congress. *See Garrett v. United States*, 471 U.S. 773, 778, 105 S. Ct. 2407, 2411 (1985). As always, we begin with the plain language of the statute. *See United States v. Turkette*, 452 U.S. 576, 580, 101 S. Ct. 2524, 2527 (1981). Section 860 provides, in relevant part:

(a) Penalty

Any person who violates section 841(a)(1) or section 856 of this title by distributing, possessing with intent to distribute, or manufacturing a controlled substance in or on, or within one thousand feet of, the real property comprising a public or private elementary, vocational, or secondary school or a public or private college, junior college, or university, or a playground, or housing facility owned by a public housing authority, or within 100 feet of a public or private youth center, public swimming pool, or video arcade facility, is (except

---

[1] The government's reliance on *United States v. Ekinci*, 101 F.3d 838 (2d Cir. 1996), and *United States v. Zorrilla*, 93 F.3d 7 (1st Cir. 1996), is also misplaced. In *Ekinci*, although the Second Circuit stated that § 860 provides an *enhanced penalty* for violating § 841(a)(1) within 1000 feet of a protected area, the issue was not before the court because the defendant was specifically charged with and convicted of dispensing, distributing, and possessing with intent to distribute a controlled substance within 1000 feet of a school. 101 F.3d at 839. The sole issue on appeal was whether § 860 prohibits "dispensing" controlled substances within 1000 feet of a protected area.

Similarly, in *Zorrilla*, despite the fact that the court stated that § 860 is "a sentence-enhancer, pure and simple," *Zorrilla*, 93 F.3d at 8, the issue was not before the court because the defendants were charged with aiding and abetting the intended distribution of a controlled substance within 1000 feet of a school. 93 F.3d at 8. The sole issue on appeal was whether § 860 was constitutional in light of the Supreme Court's decision in *United States v. Lopez*, 115 S. Ct. 1624 (1995).

as provided in subsection (b) of this section) subject to (1) twice the maximum punishment authorized by section 841(b) of this title; and (2) at least twice any term of supervised release authorized by section 841(b) of this title for a first offense. A fine up to twice that authorized by section 841(b) of this title may be imposed in addition to any term of imprisonment authorized by this subsection. Except to the extent a greater minimum sentence is otherwise provided by section 841(b) of this title, a person shall be sentenced under this subsection to a term of imprisonment of not less than one year. The mandatory minimum sentencing provisions of this paragraph shall not apply to offenses involving 5 grams or less of marihuana.

21 U.S.C. § 860(a).

In *United States v. Davis*, 801 F.2d 754, 756 (5th Cir. 1986), this court identified four factors to be used in determining whether Congress intended a statute to be a sentence enhancer or a substantive offense: "(1) whether the statute predicates punishment upon conviction under another section, (2) whether the statute multiplies the penalty received under another section, (3) whether the statute provides guidelines for the sentencing hearing, and (4) whether the statute is titled as a sentencing provision." *United States v. Vasquez-Olvera*, 999 F.2d 943, 945 (5th Cir. 1993) (citing *Davis*).

Applying these factors to § 860, we conclude that § 860 is a substantive offense and not merely a sentence enhancer of § 841(a)(1). First, although § 860 incorporates the elements of § 841(a)(1) ("any person who violates § 841(a)(1) . . . by distributing . . ."), it requires that the government prove a separate and distinct element -- i.e., distribution within 1000 feet of a protected location. *See United States v. Smith*, 13 F.3d 380, 382-83 (10th Cir. 1993) (holding that "§ 860 constitutes an 'offense' which has as an element of proof that the distribution occurred within 1000 feet of a protected place"). Thus, the first *Davis* factor, which we have described as "the foremost feature of a sentence enhancement provision," *Vasquez-Olvera*, 999 F.2d at 945, does not weigh in favor of viewing § 860 as a sentence enhancer.

7

In addition, we note that § 860 does not provide any guidance for a sentence hearing, thereby failing to satisfy the third *Davis* factor. Nor is the fourth *Davis* factor met. Congress titled § 860 "Distribution or manufacturing in or near schools and colleges." This title, like the language of § 860 itself, indicates that Congress intended § 860 to be a separate substantive offense.

In light of the fact that § 860 does not satisfy the first, third, or fourth *Davis* factors, we do not consider the fact that § 860 doubles the penalties of § 841(a)(1) to be dispositive. Instead, we conclude that 21 U.S.C. § 860 is a substantive offense rather than merely a sentence enhancer of 21 U.S.C. § 841(a)(1). In so holding, we note that this conclusion is consistent with the result reached in *United States v. Scott*, 987 F.2d 261, 266 (5th Cir. 1993), in which we held that § 841(a)(1) is a lesser included offense of § 860. It is axiomatic that if § 841(a)(1) is a lesser included offense of § 860, then § 860 is itself an offense and not merely a sentence enhancer. We further note that this conclusion is in accord with the position of virtually every other court of appeals, which "have uniformly held [that] § 860 is a separate offense that requires proof of an element that is not listed in § 841." *United States v. McQuilkin*, 78 F.3d 105, 109 (3d Cir. 1996) (citing cases from the Fourth, Tenth, and District of Columbia circuits).

2.

Chandler next argues that the district court erred in applying U.S.S.G. § 2D1.2, which provides for a two-point enhancement if an offense occurs near a protected location, to his sentence. According to Chandler, § 2D1.2 is inapplicable to convictions under 21 U.S.C. § 841(a)(1). We review a district court's interpretation of the guidelines *de novo*. *See United States v. Brown*, 54 F.3d 234, 240-41 (5th Cir. 1995).

As an initial matter, we note that Chandler's argument presupposes that he was convicted only under § 841(a)(1) and not under § 860. As noted above, however, the government conceded at oral argument that Chandler was charged only with violating § 841(a)(1) and not § 860. Nonetheless, the government argues that this court's opinions in *Echevaria* and *Smith* allow the district court to apply U.S.S.G. § 2D1.2 to convictions under § 841(a)(1). Once again, the government has read those cases too broadly.

As noted above, the defendant in *Echevaria* did not challenge the district court's reliance on U.S.S.G. § 2D1.2 in determining his sentence. Instead, the only issue on appeal was whether a private kindergarten constituted a protected location within the meaning of § 860.

Likewise, in *Smith*, the court did not directly address whether § 2D1.2 applied to convictions under § 841(a)(1). Instead, the sole issue on appeal was whether the district court had properly calculated the quantity of crack cocaine to be considered in the defendants' sentencing. The court's discussion of the applicability of § 860 and § 2D1.2 to their sentences was, as the *Smith* court pointed out, dicta. *See Smith*, 13 F.3d at 868.

Once again, therefore, contrary to the government's assertions, neither *Echevaria* nor *Smith* are dispositive of the issue presented in this case. Accordingly, we now address the applicability of U.S.S.G. § 2D1.2 to convictions under 21 U.S.C. § 841(a).

Under the Sentencing Guidelines, a court engages in a nine step procedure for determining the appropriate sentence for a defendant, only the first three of which are relevant for this discussion. *See* U.S.S.G. § 1B1.1; *United States v. Salery*, 836 F. Supp. 812, 812 (M.D. Ala. 1993). First, utilizing the Statutory Index located in Appendix A, the court determines the offense guideline section "most applicable to the offense of conviction." *See id.* § 1B1.1(a). Once determined, the court then

calculates "the overall 'offense level' based on a number of factors contained in the applicable guideline," including the "base offense level" and "the specific offense characteristics." *Salery*, 836 F. Supp. at 812; *see* U.S.S.G. § 1B1.1(b). Pursuant to U.S.S.G. § 1B1.3, the base offense level and the specific offense characteristics are determined based on the defendant's relevant conduct. *See* U.S.S.G. § 1B1.3. Third, the court makes any appropriate adjustments, authorized by Chapter Three, based on, *inter alia*, the identity of the victim, the defendant's role in the offense, and any obstruction of justice. *See* U.S.S.G. § 1B1.1(c).

In this case, the defendant pleaded guilty to violating 21 U.S.C. § 841(a)(1). According to the Statutory Index, the court is instructed to apply U.S.S.G. § 2D1.1, and not U.S.S.G. § 2D1.2, to violations of 21 U.S.C. § 841(a)(1). As the district court properly noted, applying § 2D1.1 to the facts of this case results in an offense level of 26. The government, however, argues that the defendant's offense level should be increased by two levels pursuant to § 2D1.2. According to the government, this increase is warranted because the defendant committed the offense near a protected location, which constitutes relevant conduct under the guidelines.

Although we agree that a court is instructed to consider relevant conduct in determining the defendant's offense level, a court does not enjoy unlimited discretion in determining what constitutes relevant conduct. Instead, pursuant to U.S.S.G. § 1B1.3(a), conduct is relevant only to the extent that it relates to (1) calculating the base offense level, (2) considering the specific offense characteristics set forth in the particular guideline, (3) considering any cross-references contained in the particular guideline, and (4) making any adjustments authorized by Chapter Three.[2] *See Salery*,

---

[2] Guideline § 1B1.3(a) provides:

Unless otherwise specified, (i) the base offense level where the guideline specifies more than one base offense

10

836 F. Supp. at 814. In other words, once the court selects the appropriate guideline under step one, the court can take relevant conduct into account only as it relates to the factors set forth in that guideline. In this case, whether the offense occurred near a protected location is not relevant to any of these factors. First, although § 2D1.1 sets forth a number of base offense levels, the applicable base offense level is determined solely by the amount of controlled substances involved, and not by location of the offense. Second, although § 2D1.1 sets forth four specific offense characteristics (e.g., whether a dangerous weapon was possessed during the commission of the offense), not one of these characteristics includes whether the offense occurred near a protected location as defined by 21 U.S.C. § 860. Third, although § 2D1.1 contains a cross reference to § 2A1.1, § 2D1.1 does not contain a cross-reference to § 2D1.2. Finally, although Chapter Three authorizes a number of adjustments to the overall offense level (*e.g.*, adjustments based on the role of the defendant in the

---

level, (ii) specific offense characteristics and (iii) cross references in Chapter Two, and (iv) adjustments in Chapter Three, shall be determined on the basis of the following:

(1)(A)  all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and

(B)  in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity,

that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense;

(2) solely with respect to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts, all acts and omissions described in subdivisions (1)(A) and (1)(B) above that were part of the same course of conduct or common scheme or plan as the offense of conviction;

(3) all harm that resulted from the acts and omissions specified in subsections (a)(1) and (a)(2) above, and all harm that was the object of such acts and omissions; and

(4) any other information specified in the applicable guideline.

U.S.S.G. § 1B1.3.

offense or the vulnerability of the victim), Chapter Three does not authori ze an adjustment if the offense occurred near a protected location. *See Salary*, 836 F. Supp. at 814. Accordingly, we find that the district court erred in applying § 2D1.2 to Chandler's conviction under § 841(a)(1).

## B.

Although we have held that 21 U.S.C. § 860 is a substantive offense and not merely a sentence enhancer of 21 U.S.C. § 841(a)(1), we need not address the defendant's next two arguments, as each is relevant only if the government were to insist that the defendant was charged and convicted under § 860. As noted above, however, counsel for the government conceded that the defendant was charged only under § 841(a)(1), and not under § 860. Moreover, by defendant's own admission, he was properly charged under § 841(a)(1) and the plea colloquoy supports a conviction under § 841(a)(1). Accordingly, we need not address the sufficiency of the indictment or the adequacy of the plea colloquoy.

## C.

As a final matter, we address Chandler's argument that the district court improperly ordered him to pay half of his prison earnings, if any, to his daughter's mother as child support. Because we can find no authority for such a sanction under § 841(a)(1), that sanction is vacated.

## III.

For the reasons set forth above, we vacate and remand for resentencing not inconsistent with this opinion.