**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 14, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 03-21081
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-
Appellee,

versus

PABLO RODRIGUEZ, JR.,

Defendant-
Appellant.

--------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-03-CR-3-6
--------------------------------------------------------------

Before WIENER, BENAVIDES AND STEWART, Circuit Judges.

PER CURIAM:[*]

Pablo Rodriguez, Jr., appeals from his guilty-plea conviction for aiding and abetting the possession with intent to distribute 100 kilograms or more of marijuana. In addition to sentencing Rodriguez to 70 months' imprisonment and five years' supervised release, the district court ordered the Bureau of Prisons ("BOP") to send 75% of Rodriguez's prison earnings to the mother of Rodriguez's children in order to help satisfy his child-support obligation.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Rodriguez's motion for leave to file a supplemental brief raising a new issue is GRANTED.

Rodriguez argues: (1) that the district court's order garnishing his prison earnings exceeded the statutory maximum sentence authorized by 21 U.S.C. § 841; (2) that 21 U.S.C. § 841(a) and (b) are facially unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000); and (3) that his sentence was invalid under Blakely v. Washington, 124 S. Ct. 2531 (2004). As conceded by Rodriguez, his two latter arguments are foreclosed by precedent and are raised solely to preserve them for further review. See United States v. Pineiro, 377 F.3d 464, 465 (5th Cir. 2004), petition for cert. filed, (U.S. July 14, 2004) (No. 04-5263); United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000).

Although Rodriguez did not object to the district court's order, we review de novo whether the sentence exceeds the statutory maximum term. See United States v. Ferguson, 369 F.3d 847, 849 (5th Cir. 2004). The district court's order to the BOP must be vacated because it was not authorized by 21 U.S.C. § 841. See United States v. Chandler, 125 F.3d 892, 894 (5th Cir. 1997). The district court's judgment is MODIFIED to strike the order requiring the BOP to send 75% of Rodriguez's prison earnings to the mother of his children. The district court's judgment is AFFIRMED AS MODIFIED.

MOTION TO FILE SUPPLEMENTAL BRIEF GRANTED; JUDGMENT MODIFIED; AFFIRMED AS MODIFIED.