# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 24-1618

UNITED STATES OF AMERICA

v.

DONNA FECONDO,
Appellant

_____

Appeal from the U.S. District Court, E.D. Pa.
Judge Mitchell S. Goldberg, No. 22-cr-00011-001

_____

Before: RESTREPO, PHIPPS, and MASCOTT, *Circuit Judges*
Argued Jan. 21, 2026
Decided May 26, 2026
_____

NONPRECEDENTIAL OPINION[*]

RESTREPO, *Circuit Judge*.   Donna Fecondo was convicted of several federal tax offenses, including failure to pay over taxes in violation of 26 U.S.C. § 7202.  On appeal, she argues that the District Court miscalculated her offense level and sentencing range under United States Sentencing Guideline § 2T1.6.  For the following reasons, we will vacate Fecondo's sentence and remand for resentencing.

_____

[*] This disposition is not an opinion of the full Court and, under I.O.P. 5.7, is not binding precedent.

## I.

Donna Fecondo was president of her family's mushroom farm business, Joseph Silvestri & Son, Inc. ("JSSI"). In this role, she was responsible for withholding "employment taxes"—including Federal Income Contribution Act ("FICA") taxes and federal income taxes—from employees' paychecks and remitting those amounts to the IRS. She was also responsible for paying JSSI's share of "employer-portion" FICA taxes.[1]

For many years, Fecondo failed to meet these and other tax obligations. On January 13, 2022, she was indicted for failing to pay over employment taxes for tax years 2015 and 2016 in violation of 26 U.S.C. § 7202 (Counts 1 and 2) and failing to file corporate income tax returns (Counts 3 and 4) and individual income tax returns (Counts 5 and 6) for tax years 2015 and 2016 in violation of 26 U.S.C. § 7203. She pleaded guilty to all six counts.

The parties agreed that no tax loss would be attributed to Counts 3 through 6 for sentencing purposes, so the offense guideline for Counts 1 and 2, USSG § 2T1.6, controlled. However, they disputed the amount of tax loss that should be used to determine Fecondo's base offense level under § 2T1.6. Specifically, the Government argued that approximately $1.8 million[2] in unpaid employer-portion taxes from 2009 to 2019 should be included in the tax loss calculation as "relevant conduct" pursuant to USSG § 1B1.3.

---

[1] The Internal Revenue Code requires employers to deduct employees' share of FICA and individual income taxes from wages and pay those withholdings to the IRS. *See* 26 U.S.C. §§ 3101–3102, 3402–3403. Employers are also required to pay their own portion of FICA taxes to the IRS, separate from the taxes withheld from employees' wages. *See* 26 U.S.C. § 3111.

[2] The parties dispute the exact amount of employer-portion taxes at issue, but any discrepancy does not affect the outcome of this appeal.

The District Court agreed with the Government's analysis. It applied § 2T1.6 and found the total tax loss to be $5,077,853, including the $1.8 million in employer-portion taxes. Based on this total loss, Fecondo's Guidelines sentencing range was 41 to 51 months. On March 21, 2024, Fecondo was sentenced to 46 months in prison and three years of supervised release. She timely appealed.

## II.[3]

Fecondo argues that the text of § 2T1.6 limits operative tax loss to third-party taxes, so the District Court erred by including employer-portion taxes in its tax loss calculation. Because Fecondo raises this argument for the first time on appeal, plain error review applies. *See* Fed. R. Crim. P. 52(b); *United States v. Abreu*, 32 F.4th 271, 274–75 (3d Cir. 2022). Fecondo must prove that (1) there was an "error"; (2) the error was "plain"; (3) the error prejudiced or "affect[ed] [her] substantial rights"; and (4) not correcting the error would "seriously affect[] the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 732 (1993) (citation modified). She carries that burden.

First, the District Court erred by including employer-portion FICA taxes as part of the tax loss used to calculate Fecondo's base offense level under § 2T1.6. Section 2T1.6 defines the defendant's base offense level as the "[l]evel from §2T4.1 (Tax Table) *corresponding to the tax not collected or accounted for and paid over*." USSG § 2T1.6(a)

---

[3] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

3

(emphasis added).  The tax table at § 2T4.1 designates an offense level based on the amount of "[t]ax [l]oss."  USSG § 2T4.1.

The Government does not dispute that the text of § 2T1.6 refers only to third-party taxes requiring collection.  Section 2T1.6 mirrors the text of the statute of conviction, 26 U.S.C. § 7202, which imposes criminal penalties on "[a]ny person required under this title to collect, account for, and pay over any tax imposed by this title who willfully fails to collect or truthfully account for and pay over such tax."  26 U.S.C. § 7202.  Section 7202, in turn, "tracks the wording" of its civil counterpart, 26 U.S.C. § 6672.  *Slodov v. United States*, 436 U.S. 238, 245 (1978); *see* 26 U.S.C. § 6672 (applying to "[a]ny person required to collect, truthfully account for, and pay over any tax . . . who willfully fails to collect such tax, or truthfully account for and pay over such tax").  In *Slodov*, the Supreme Court reasoned that § 6672 applies to "failure to pay taxes which *require collection*, that is, third-party taxes, and not . . . *direct* taxes such as employer FICA and income taxes."  436 U.S. at 249.  Given that §§ 6672 and 7202 substantially overlap in text and purpose, *see id.* at 245, 247, this same reasoning applies to § 7202 and thus to § 2T1.6.  As used in § 2T1.6, "the tax not collected or accounted for and paid over" refers to third-party taxes, not employer taxes.

Because § 2T1.6 refers only to third-party taxes, the District Court erred in including employer-portion taxes as relevant conduct in the tax loss calculation.  USSG § 1B1.3(a) provides that "the base offense level where the guideline specifies more than one base offense level . . . shall be determined on the basis of [relevant conduct]."  USSG

4

§ 1B1.3(a).[4]  Section 1B1.3(a)(2), which the parties agree applies here, specifies that relevant conduct includes "all acts and omissions [committed . . . or willfully caused by the defendant] that were part of the same course of conduct or common scheme or plan as the offense of conviction."  USSG § 1B1.3(a)(1)–(2).

Although relevant conduct is a broad concept, its function in this context was to help "determine[]" Fecondo's "base offense level" under the applicable offense guideline. USSG § 1B1.3(a).  And the offense guideline, § 2T1.6, defines the base offense level as the level corresponding to tax loss from third-party taxes only.  Employer-portion taxes are not part of the equation.  Therefore, we agree with Fecondo that the broad language of the relevant conduct provision in § 1B1.3(a)(2) does not nullify the express limitations in the text of § 2T1.6.  *Cf. Watterson v. United States*, 219 F.3d 232, 239 (3d Cir. 2000) (holding that the defendant's activities in a school zone were not relevant to calculating the base offense level under § 2D1.1, which "is determined solely by the amount of controlled substances involved, and not by [the] location of the offense" (quoting *United States v. Chandler*, 125 F.3d 892, 898 (5th Cir. 1997))).

Second, this error is "plain."  A plain error must be "clear under current law." *United States v. Clark*, 237 F.3d 293, 297 (3d Cir. 2001) (quoting *Olano*, 507 U.S. at 734). Although this Court has never addressed the precise error raised here, "lack of precedent alone will not prevent us from finding plain error."  *United States v. Stinson*, 734 F.3d 180, 184 (3d Cir. 2013).  In *Stinson*, we held that it was error to apply the

_____

[4] Relevant conduct is also used to determine specific offense characteristics, cross references, and adjustments, none of which apply here.  USSG § 1B1.3(a).

USSG § 2B1.1(b)(15)(A) fraud enhancement—which provided a two-level increase if a defendant derived more than $1 million from "financial institutions"—when the money flowed from individual investors, not financial institutions. *Id.* at 186–87. Because this error was "clear in light of the plain language of the relevant Guidelines provision and the evidence before the District Court," it was "plain." *Id.*; *see also United States v. Dickerson*, 381 F.3d 251, 260 (3d Cir. 2004) (holding that a sentencing error was plain "given the clarity of the statutory language and the notice included in the PSR"). Here, in light of the clear text of § 2T1.6 and the Supreme Court's reasoning in *Slodov*, the error is plain.

Third, this error affected substantial rights, meaning there is "a reasonable probability that, but for the claimed error, the result of the proceeding would have been different." *United States v. Payano*, 930 F.3d 186, 192 (3d Cir. 2019) (citation modified). A miscalculation of the Guidelines range "itself can, and most often will, be sufficient to show a reasonable probability of a different outcome absent the error." *Molina-Martinez v. United States*, 578 U.S. 189, 198 (2016). The District Court calculated Fecondo's Guidelines range as 41 to 51 months. Without the $1.8 million in employer-portion taxes, the range would have been 33 to 41 months. This is a prejudicial error.

We reject the Government's hypothesis that even if the $1.8 million had been dropped from the loss calculation under § 2T1.6, the District Court would have included it as relevant conduct in calculating tax loss for Counts 3 through 6 under USSG § 2T1.1. The Government affirmatively represented below that "no tax loss should be calculated for Counts 3, 4, 5, and 6." JA217 n.1. Given this representation, there is at least a reasonable probability that the District Court—but for its error—would have taken the Government at

6

its word, applied § 2T1.6 as the controlling guideline, and excluded employer-portion taxes from the tax loss sum.[5]

Finally, "an error . . . that leads to an inaccurate Guideline range . . . ordinarily satisfies the fourth prong of plain error review." *United States v. Henderson*, 64 F.4th 111, 121 (3d Cir. 2023) (citing *Rosales-Mireles v. United States*, 585 U.S. 129, 141 (2018)). That is because "[t]he risk of unnecessary deprivation of liberty particularly undermines the fairness, integrity, or public reputation of judicial proceedings." *Rosales-Mireles*, 585 U.S. at 140. This case is no exception, and we exercise our discretion to correct the plain error.

\* \* \* \* \*

For the foregoing reasons, we will VACATE the District Court's sentence and REMAND for resentencing.

*Counsel for Appellant*
Keith M. Donoghue, Assistant Federal Defender **[ARGUED]**
FEDERAL COMMUNITY DEFENDER OFFICE FOR THE EASTERN DISTRICT OF PENNSYLVANIA

*Counsel for Appellee*
Eileen C. Geiger, Assistant United States Attorney **[ARGUED]**
Robert A. Zauzmer, Chief of Appeals
OFFICE OF THE UNITED STATES ATTORNEY

---

[5] We give no opinion as to whether the District Court should entertain the Government's § 2T1.1 argument on remand.