UNITED STATES of America,
Appellant, Cross–Appellee,

v.

Mark James OPPEDAHL, Appellee,
Cross–Appellant.

Nos. 92–3438, 92–3476.

United States Court of Appeals,
Eighth Circuit.

Submitted April 15, 1993.

Decided July 9, 1993.

Rehearing Denied Aug. 9, 1993.

Steven M. Colloton, Asst. U.S. Atty., Cedar Rapids, IA, argued, for appellant.

R.L. Sole, Cedar Rapids, IA, argued, for appellee.

Before McMILLIAN and BEAM, Circuit Judges, and SACHS,* Senior District Judge.

* The Honorable Howard F. Sachs, Senior United States District Judge for the Western District of Missouri, sitting by designation.

SACHS, Senior District Judge.

Both sides have appealed from the sentencing decision in this drug case. The Government contends that the district court erred in declining to enhance punishment for obstruction of justice upon finding that certain conduct was not "willful" because it occurred before defendant was aware of any investigation. Defendant cross-appeals, contending that location of his apartment near a school did not justify enhanced punishment, either under the statute (21 U.S.C. § 860) or the Sentencing Guidelines, when his conviction was on a conspiracy charge. Finding that the district judge [1] correctly applied the Guidelines, we affirm.

## I.

■ During the course of dealing with a major LSD customer, Jeffrey Lendt, defendant remarked that he would kill the customer if he ever "narked" on his supplier. The district judge held that, whatever defendant's true intentions may have been, the auditor was intimidated by the threat. Unbeknownst to defendant and to Lendt, the conversation occurred at a time when they were under suspicion, and during the course of an investigation. Lendt was not cooperating with law enforcement authorities at the time, but had previously introduced an undercover agent to defendant, seeking to promote drug sales.

After defendant's ultimate arrest and guilty plea, the Probation Officer recommended a two-level increase in the offense level under Guideline § 3C1.1, for obstructing the administration of justice. The court rejected the recommended enhancement, holding that there was no "willful" obstruction of justice, as required for the specified enhancement under the Guidelines, when defendant was unaware of the investigation.

The applicable Guideline provides: "If the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense, increase the offense level by 2 levels." [2] The question here is whether the term "willfully" contemplates an understanding that an investigation of a defendant's conduct has probably begun, or simply means that the defendant was generally knowledgeable as to the likely effect of a threat on the person to whom the conduct is directed.

One of the difficulties posed by the Guideline is that, as the Chief Justice once said in dissent, the term willfully is one that has "no fixed meaning." *Smith v. Wade*, 461 U.S. 30, 63 n. 3, 103 S.Ct. 1625, 1644 n. 3, 75 L.Ed.2d 632 (1983) (dissenting opinion). Another dissenter has observed that the word has "a wide variety of definitions" and has often been construed "in accordance with its context." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 137, 108 S.Ct. 1677, 1683, 100 L.Ed.2d 115 (1988) (dissenting opinion of Justice Marshall). Most recently an opinion of the Court stated that, despite efforts at guidance by the Supreme Court, the lower courts "continue to be confused about the meaning of the term 'willful.'" *Hazen Paper Co. v. Biggins*, —— U.S. ——, ——, 113 S.Ct. 1701, 1709, 123 L.Ed.2d 338, 350 (1993) (referring to its application to the Age Discrimination in Employment Act).

We are forced to consider the word in context in this case. We find it logically conceivable that it could be applied as the district court did here. It is also conceivable that a willful obstruction would simply mean intentional misconduct having the purpose and probable effect of obstructing justice (as by threatening a possible informer or witness), but without knowledge or awareness

---

1. The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa, sitting by designation in the Northern District.

2. Thus, if a threat were made before investigation begins, it could not be used to increase the offense level. It could, however, be considered as a factor adverse to a defendant, and deserving

of additional punishment within the guideline range. In this case, however, the district judge concluded that a "bottom-of-the-guideline range sentence is sufficient and not greater than necessary to serve the statutory purposes of a sentence enumerated in 18 U.S.C. § 3553(a)." The sentence imposed was 188 months.

that there is a current investigation.[3]

It would be anomalous for the Sentencing Commission to direct that sentences be enhanced for threatening conduct during the course of a totally unknown investigation, while providing that similarly culpable conduct would not result in an enhancement if there were no investigation. Deterrence would not be served by such a rule, absent some awareness of the investigation. Culpability is identical, by definition. We believe that the term "willfully" should be reserved for the more serious case, where misconduct occurs with knowledge of an investigation, or at least with a correct belief that an investigation is probably underway. Thus, the deterring effect of the Guideline is advanced, at least in theory.

Our holding is influenced, if not dictated, by the rule of lenity. This means that the courts will "not interpret a federal criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what Congress intended." *Ladner v. United States*, 358 U.S. 169, 178, 79 S.Ct. 209, 214, 3 L.Ed.2d 199 (1958). This court has recently quoted the rule as stated in *Ladner*, and decided that it should be used for guidance in construing the Sentencing Guidelines. *United States v. Werlinger, supra*, 894 F.2d at 1018 n. 5. *See also, United States v. Pazzanese*, 982 F.2d 251 (8th Cir. 1992).

■ We thus affirm the ruling below that declines to apply the two-level enhancement for obstruction of justice where the defendant was unaware of the investigation when he made the culpable threat.

## II.

Defendant's cross-appeal challenges the two point enhancement imposed by the district court under 21 U.S.C. § 860 for distributing LSD within 1000 feet of school property. The conspiracy statute which defendant concedes he violated is not referred to in that section. Because we decide that the location of a drug-distribution offense is properly considered as relevant conduct under the Sentencing Guidelines, we need not address whether 21 U.S.C. § 860 would apply directly to the conspiracy charge.

■ It is settled in this circuit that conduct for which the defendant has neither been charged nor convicted can be considered by the sentencing court under the Sentencing Guidelines. U.S.S.G. § 1B1.3; *United States v. Galloway*, 976 F.2d 414 (8th Cir.1992) (en banc). Guideline Section 1B1.3(a)(1) provided in the applicable 1991 manual that the base offense level shall be determined after considering "all acts and omissions committed ... by the defendant ... that occurred during the commission of the offense of conviction...."

■ It is undisputed in this case that during the timeframe of the conspiracy the defendant did distribute LSD from inside a residence which was within 1000 feet of school property. The defendant, however, was not convicted under 21 U.S.C. § 841(a)(1) for those distributions. He instead pled guilty to a conspiracy to distribute and possess with intent to distribute 10 grams or more of LSD under 21 U.S.C. § 846. The applicable Guideline for a conspiracy conviction was § 2D1.4. Section 2D1.4 provided that "[i]f a defendant is convicted of conspiracy ... to commit any offense involving a controlled substance, the

---

**3.** After argument the Government directed our attention to a current ruling of the Seventh Circuit, sustaining an obstruction of justice enhancement where a defendant, before he was under investigation, ordered an accomplice to destroy evidence in the event the defendant were arrested. *United States v. Lallemand*, 989 F.2d 936 (7th Cir. March 29, 1993). The issue in that case was whether pre-investigation conduct could ever ripen into an obstruction of justice under the Guidelines. That is not the situation here, where there is no evidence that defendant

contemplated the existence of an investigation, and the *Lallemand* rationale seems not to have been presented to Judge Vietor or to us. At argument, in fact, there was a disclaimer that the conduct here would warrant an enhancement if it had been pre-investigation. It is well settled that pre-investigation conduct, such as flight, will not generally qualify for an enhancement. *E.g., United States v. Stroud*, 893 F.2d 504, 507 (2d Cir.1990); *United States v. Werlinger*, 894 F.2d 1015, 1017 (8th Cir.1990) (embezzler's attempt to conceal embezzlement).

offense level shall be the same as if the object of the conspiracy or attempt had been completed."

Here, one object of the conspiracy, as alleged and admitted, was the distribution of more than 10 grams but less than 100 grams of LSD within 1000 feet of a school. The applicable Guideline for the plan to distribute is § 2D1.1, which provides a base offense level of 34. Section 2D1.1, however, does not automatically incorporate in the sentencing range the proximity of the crime to a schoolyard. The additional penalty for engaging in a drug offense near a protected location is provided in Guideline § 2D1.2 which requires a two point enhancement. In this case, the protected location violation is relevant conduct under § 1B1.3.[4] The location of the object of a conspiracy is clearly relevant conduct to the conspiracy. *See United States v. McDowell*, 902 F.2d 451 (6th Cir.1990). Accordingly, the proper adjusted base offense level in this case is level 36.[5]

Although the district court applied the enhancement at 21 U.S.C. § 860 in a statutory ruling debated by appellant (and which we believe it unnecessary to resolve), the offense level remains the same as that used by the district court when appropriately calculated according to Guideline §§ 1B1.3 and 2D1.2.

The district court's judgment is therefore affirmed.

---

4. Section 2D1.2 does not require a conviction under 21 U.S.C. § 860 in order to consider such drug activities as relevant conduct in calculating the defendant's base offense level. *See* U.S.S.G. 1B1.3, comment. (n. 6) ("Unless such an express direction is included, conviction under [a] statute is not required.").

5. We acknowledge a point of argument to defendant in that the commentary to § 2D1.2 refer-

ences as a pertinent statutory provision 21 U.S.C. § 860, which in turn contains the statutory citations which are the source of difficulty. However, the plain meaning of the Guideline language favors enhancement, the area near school property is a "protected location" and the enhancement for relevant conduct turns on the distribution statute, which is specifically cited in 21 U.S.C. § 860.