United States Court of Appeals,

Eleventh Circuit.

No. 96-4808.

UNITED STATES of America, Plaintiff-Appellee,

v.

Cristino SAAVEDRA, Defendant-Appellant.

Aug. 6, 1998.

Appeal from the United States District Court for the Southern District of Florida. (No. 91-558-CR-EBD), Edward B. Davis, Judge.

Before DUBINA and BARKETT, Circuit Judges, and GODBOLD, Senior Circuit Judge.

DUBINA, Circuit Judge:

The defendant, Cristino Saavedra ("Saavedra") appeals his 87-month sentence for conspiracy to distribute crack cocaine, which was imposed by the district court upon resentencing. For the reasons that follow, we vacate Saavedra's sentence and remand for resentencing.

I. History of the Case

Saavedra's codefendants agreed to sell ten kilograms of cocaine to a confidential informant. Saavedra and a codefendant delivered 2.03 kilograms of cocaine to an undercover government agent in a parking lot which is located within 500 feet of Miami Springs Elementary School.

Rather than charging Saavedra and his codefendants with violating 21 U.S.C. § 860, which prohibits drug activity near schools, the United States ("United States" or "government") obtained a two-count indictment charging them with conspiracy to possess cocaine with intent to distribute and with possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 846 and 841(a)(1). The United States subsequently filed a notice, entitled "Government's Notice Requesting Imposition of Enhanced Sentence," which stated that due to the fact that the indicted offenses

transpired near a school, the United States would seek a higher sentence than the maximum punishment for possession with intent to distribute pursuant to 21 U.S.C. § 860.

Saavedra pled guilty to count one of the indictment charging a drug conspiracy. At his change of plea hearing, Saavedra's attorney informed the court that there was a dispute as to the amount of cocaine attributable to Saavedra and that he was contesting the government's position on the sentencing enhancement for violating 21 U.S.C. § 860. The court indicated that both of these disputes were sentencing issues, ascertained that Saavedra understood that the court would resolve them at the sentencing hearing, and accepted Saavedra's guilty plea.

Pursuant to his first appeal, Saavedra's initial sentence was vacated, and the case was remanded for resentencing. *United States v. Saavedra,* 37 F.3d 635 (11th Cir.1994) (per curiam).[1] Upon resentencing, the district court found that Saavedra was responsible for 2.03 kilograms of cocaine and determined that his base offense level was 29, under United States Sentencing Commission, *Guidelines Manual* ("U.S.S.G."), § 2D1.2(a) (Nov. 1995).[2] The court then adjusted

---

[1]In our disposition of Saavedra's first appeal, we vacated his sentence and remanded for resentencing, with directions for the district court to make individualized findings concerning the amount of drugs attributable to Saavedra. Because we vacated his sentence, we declined to consider his other arguments as moot. In this appeal, the United States initially contended that Saavedra had waived his current arguments regarding the § 860 "enhancement," because he failed to raise these issues in his first appeal. However, at oral argument, the United States conceded that its waiver argument fails because we vacated Saavedra's sentence following his first appeal.

[2]The court arrived at this base offense level by ascertaining Saavedra's base offense level under U.S.S.G. § 2D1.1(c) (Drug Quantity Table) and then enhancing this base level pursuant to § 2D1.2(a). U.S.S.G. § 2D1.2, entitled "Drug Offenses Occurring Near Protected Locations or Involving Underage or Pregnant Individuals; Attempt or Conspiracy," provides:

    (a) Base Offense Level (Apply the greatest):

        (1) 2 plus the offense level from § 2D1.1 applicable to the quantity of

the offense level downward by two levels for acceptance of responsibility. *See* U.S.S.G. § 3E1.1(a). With a criminal history category of III, Saavedra's guideline range was 87 to 108 months, and the court imposed a sentence of 87 months.

## II. Law and Analysis

We review *de novo* the district court's application of the Sentencing Guidelines to a given set of facts. *See United States v. Reese,* 67 F.3d 902, 908 (11th Cir.1995); *United States v. Scroggins,* 880 F.2d 1204, 1206 n. 5 (11th Cir.1989).

In this appeal, Saavedra argues that § 2D1.1 rather than § 2D1.2 applies to his conviction for conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. §§ 846 and 841(a)(1).[3] Section 2D1.1 establishes the base offense levels for drug offenses, including 21 U.S.C. §§ 846 and 841(a)(1). Section 2D1.2 establishes the base offense levels for violations of 21 U.S.C. § 860. The Government contends that § 2D1.2 provides the correct basis for Saavedra's sentence because his actual conduct involved drug trafficking near an elementary school.

---

> controlled substances directly involving a protected location or an underage or pregnant individual; or
>
> (2) 1 plus the offense level from § 2D1.1 applicable to the total quantity of controlled substances involved in the offense; or
>
> (3) 26, if the offense involved a person less than eighteen years of age; or
>
> (4) 13, otherwise.

[3]In his brief, relying on *United States v. Lopez,* 514 U.S. 549, 115 S.Ct. 1624, 131 L.Ed.2d 626 (1995), Saavedra argues that Congress exceeded its authority under the Commerce Clause in enacting 21 U.S.C. § 860, which is the statutory authority for § 2D1.2. As he conceded at oral argument, his position is foreclosed by our recent decision upholding the constitutionality of 21 U.S.C. § 860. *United States v. Jackson,* 111 F.3d 101, 101-02 (11th Cir.), *cert. denied,* --- U.S. ----, 118 S.Ct. 200, 139 L.Ed.2d 137 (1997).

A. Sentencing Methodology Under the Sentencing Guidelines

Resolving the question posed by this appeal requires an understanding of the structure of the Sentencing Guidelines. Under the guidelines, a court arrives at the appropriate offense level by employing a two-step process: first determining which offense guideline section covers the offense of conviction, U.S.S.G. §§ 1B1.1(a), 1B1.2(a), next selecting the proper base offense level from among those contained in that guideline. U.S.S.G. § 1B1.1(b), 1B1.2(b); *see also United States v. Castellanos,* 904 F.2d 1490, 1493 (11th Cir.1990). Because it is the only link between the defendant's offense of conviction and his or her sentence, the offense guideline section is the foundation of the sentence.

Once the court has determined the correct offense guideline section, the court considers the appropriate guideline range within that section based on the defendant's actual conduct, including conduct which did not comprise an element of the offense of conviction. U.S.S.G. §§ 1B1.2(b), 1B1.3. Where appropriate, the sentencing court may consider the defendant's relevant conduct if that conduct is established by a preponderance of the evidence, rather than the proof beyond a reasonable doubt needed to establish elements of the criminal offense. *See United States v. Averi,* 922 F.2d 765, 766 (11th Cir.1991). Because it channels the remainder of the sentencing process, selection of the correct offense guideline section is critically important. The issue raised by this appeal is whether, at step one, the district court selected the correct offense guideline. We conclude that the court erred in basing Saavedra's sentence on § 2D1.2, rather than on § 2D1.1.

1. *Identifying the Offense of Conviction*

In order to correctly determine the applicable offense guideline, a sentencing court must identify "the offense guideline section in Chapter Two (Offense Conduct) most applicable to the

4

offense of conviction." U.S.S.G. § 1B1.2(a). The offense of conviction is defined as "the offense conduct charged in the count of the indictment ... of which the defendant was convicted." *Id.* Here, the indictment is a study in brevity. The count to which Saavedra pled guilty merely charges that Saavedra and his codefendants conspired to distribute controlled substances from July 10 to July 12, 1991, in Miami Springs, Florida, in violation of 21 U.S.C. §§ 841(a)(1) and 846. The indictment does not refer to 21 U.S.C. § 860. It does not mention the proximity of Miami Springs Elementary School to the drug activity, and it does not even give the specific location of the drug activity from which such proximity could be learned or inferred. Therefore, it follows that Saavedra's offense of conviction is § 841(a), rather than § 860, and it was error for the district court to base Saavedra's sentence on an offense guideline applicable to violations of § 860. *United States v. Jackson,* 117 F.3d 533, 535 (11th Cir.1997) (holding that it was error to sentence defendant under offense guideline section applicable to violations of civil rights where indictment did not charge a civil rights violation or give any indication that a civil rights violation was implicated).

The general rule that the offense of conviction is the offense conduct charged in the indictment has a limited exception:

> Where a stipulation that is set forth in a written plea agreement or made between the parties on the record during a plea proceeding specifically establishes facts that prove a more serious offense or offenses than the offense or offenses of conviction, the court is to apply the guideline most applicable to the more serious offense....

U.S.S.G. § 1B1.2 comment. (n.1) (explaining application of 1B1.2(a)); *see also Braxton v. United States,* 500 U.S. 344, 346, 111 S.Ct. 1854, 114 L.Ed.2d 385 (1991); *United States v. Day,* 943 F.2d 1306 (11th Cir.1991). The United States argues that this exception applies to this case, and that its application justifies sentencing Saavedra for sanctioned behavior beyond the offense charged in the indictment. It is true that at the sentencing stage and thereafter, Saavedra conceded that his drug

5

activities took place within the requisite proximity to a school to satisfy a conviction under 21 U.S.C. § 860. However, he never made the sort of formal stipulation that would support sentencing him for a violation of § 860. Saavedra's oral plea agreement did not contain a stipulation that his drug activity took place near a school. If a written plea agreement was ever filed in this case, it is not part of the record in this appeal, and therefore, we have no written stipulation. Summarizing the evidence supporting Saavedra's guilty plea, the United States made no mention of the location of Saavedra's drug activity or of Miami Springs Elementary School. Only Saavedra's attorney mentioned § 860, and she did so in order to formalize Saavedra's objection to the proposed § 860 sentencing "enhancement."

2. *Ascertaining the Applicable Offense Guideline*

Having identified § 841(a)(1) as the offense of conviction, we turn, as the guidelines direct, to the Statutory Index (Appendix A of the Sentencing Guidelines) to assist us in determining the applicable offense guideline section from Chapter Two. U.S.S.G. § 1B1.1(a). The introduction to the Statutory Index explains that "[t]his index specifies the guideline section or sections ordinarily applicable to the statute of conviction." The Statutory Index lists only § 2D1.1 for violations of § 841(a) and only § 2D1.2 for violations of § 860.[4] The United States urges us to sidestep the Statutory Index in this case, arguing that it merely lists examples of guidelines to apply to various

---

[4]The Statutory Index lists both § 2D1.2 and § 2D1.1, among several others, as applicable to convictions under 21 U.S.C. § 846. This does not support the contention of the United States that Saavedra can be sentenced under § 2D1.2 for a § 846 conspiracy to violate 21 U.S.C. § 841(a)(1). The captions to § 2D1.1 and 2D1.2 indicate that they are intended to apply to both substantive violations of the statutory provisions on which they are based as well as to conspiracies to violate those provisions. Thus, the Statutory Index intends § 2D1.2 to apply only to § 846 conspiracies to violate 21 U.S.C. §§ 859, 860, or 861. *United States v. Locklear,* 24 F.3d 641, 648 n. 4 (4th Cir.1994).

criminal statutes. This characterization significantly understates the authority of the Statutory Index. The preamble to the Statutory Index indicates that in "atypical" cases, the listed guideline provision might not apply to a statutory offense matched with it in the Index, in which case the court may "use the guideline section most applicable to the nature of the offense conduct charged in the count of which the defendant was convicted." We examined this language in *United States v. Jackson,* 117 F.3d 533 (11th Cir.1997) and concluded that before a court may sentence a defendant under an offense guideline not listed in the Statutory Index as applicable to the statute of conviction, two conditions must be met. First, the case must be an atypical one, and second, the guideline section chosen must be applicable to the nature of the offense conduct charged in the count of which the defendant was convicted.[5] 117 F.3d at 536. Neither condition is met in this case.

The commentary to both §§ 2D1.1 and 2D1.2 also supports the result we reach here. Each offense guideline section is followed by commentary which lists the statutory provisions applicable to that guideline. The Statutory Index is essentially an ordered list of this guidelines commentary, cross-referenced by statute. Like the Statutory Index, the commentary to § 2D1.2 indicates that it is applicable only to 21 U.S.C. §§ 859, 860, and 861, while the commentary to § 2D1.1 indicates that it is applicable only to 21 U.S.C. §§ 841(a), (b)(1)-(3), and 960(a), (b). The United States argues that the omission of § 2D1.2 as applicable to § 841 is an oversight. We cannot agree, given the correlation between the provisions of the Statutory Index and the guidelines commentary on this point, as well as the fact that the Sentencing Guidelines manuals published in 1991, 1992, 1993, 1994, 1995, and 1997 all identically provide, both in commentary and in the Statutory Index, that

---

[5]*Jackson* also noted the exception contained in U.S.S.G. § 1B1.2(a), discussed *infra,* applicable where a defendant stipulates to a more serious crime than is charged in the indictment. 117 F.3d at 536.

§ 2D1.1 is the only offense guideline applicable for violations of 21 U.S.C. § 841(a)(1), while § 2D1.2 is applicable only to violations of 21 U.S.C. §§ 859, 860, and 861.  We have recognized that under the doctrine of *expressio unius est exclusio alterius,* the express indication that an offense guideline section applies to several statutes of conviction "strongly suggests" that it does not apply to a statute that is not listed.  *United States v. Hyde,* 977 F.2d 1436, 1441 (11th Cir.1992).  Although this court has not explicitly defined the meaning or authority of the statutory provisions portion of the offense guidelines commentary, other courts have held that this commentary provides a "specific and unequivocal indication" of which offense guideline is most applicable to a particular criminal statute.  *United States v. Ellison,* 113 F.3d 77, 80 (7th Cir.), *cert. denied,* --- U.S. ----, 118 S.Ct. 235, 139 L.Ed.2d 166 (1997);  *see also United States v. Locklear,* 24 F.3d 641 (4th Cir.) (treating the statutory provisions portion of the commentary to § 2D1.2 as authoritative evidence that a conviction under 21 U.S.C. §§ 859, 860, or 861 is required in order to apply § 2D1.2), *cert. denied,* 513 U.S. 909, 115 S.Ct. 278, 130 L.Ed.2d 195, *and cert. denied,* 513 U.S. 978, 115 S.Ct. 457, 130 L.Ed.2d 365 (1994).

3. *Setting the Base Offense Level*

Once the correct offense guideline has been determined, the sentencing court must select the appropriate base offense level from among those specified within that offense guideline.  U.S.S.G. §§ 1B1.1(b), 1B1.3(a).  There is no provision in the guidelines for borrowing base offense levels from other offense guidelines.  The introductory commentary to Chapter Two explains that the chapter "is organized by offenses and divided into parts and related sections that may cover one statute or many."  By virtue of its location within Chapter Two of the Sentencing Guidelines, § 2D1.2 is a substantive offense guideline section applicable to criminal violations of 21 U.S.C. § 860,

rather than a mere sentence enhancer for certain classes of drug offenses under § 841(a). Section 860 itself is a substantive criminal statute, not a mere sentence enhancer for § 841(a). *See United States v. Freyre-Lazaro,* 3 F.3d 1496, 1507 (11th Cir.1993) (holding that § 841(a) is a lesser included offense of § 860); *see also United States v. Chandler,* 125 F.3d 892, 896 (5th Cir.1997) (concluding that § 860 is a substantive offense and not merely a sentence enhancer of § 841(a)(1)).

### B. The Relevance of Relevant Conduct

Our sister circuits are divided on how to resolve the issue presented in this appeal. The Eighth and Sixth Circuits have reasoned that in determining the offense guideline, a court may properly consider the defendant's relevant conduct, such as trading in drugs near protected locations, even if this conduct was not part of the offense of which the defendant was convicted. *See United States v. Clay,* 117 F.3d 317 (6th Cir.), *cert. denied,* --- U.S. ----, 118 S.Ct. 395, 139 L.Ed.2d 309 (1997); *United States v. Oppedahl,* 998 F.2d 584 (8th Cir.1993).[6] In reaching the opposite conclusion, the Fourth and Fifth Circuits have held that § 2D1.2 defines a base offense level for violations of 21 U.S.C. §§ 859, 860, and 861, rather than a specific offense characteristic used to enhance a defendant's sentence for drug crimes. *United States v. Chandler,* 125 F.3d 892, 897-98 (5th Cir.1997); *United States v. Locklear,* 24 F.3d 641 (4th Cir.), *cert. denied,* 513 U.S. 909, 115 S.Ct. 278, 130 L.Ed.2d 195, *and cert. denied,* 513 U.S. 978, 115 S.Ct. 457, 130 L.Ed.2d 365 (1994).

We agree that where the guidelines direct a sentencing court to consider a defendant's relevant conduct, the court may consider the defendant's actual conduct, regardless of whether the defendant is criminally liable for that conduct. U.S.S.G. § 1B1.3 comment. (n.3); *Castellanos,* 904

---

[6]The Third Circuit has reached the same result as *Clay* and *Oppedahl,* although not by published opinion. *United States v. Robles,* 814 F.Supp. 1249 (E.D.Pa.), *aff'd,* 8 F.3d 814 (3d Cir.1993).

F.2d at 1494. However, in relying on the concept of relevant conduct in order to justify applying § 2D1.2 to convictions under § 841(a)(1), *Clay* and *Oppedahl* ignore the fact that the concept of relevant conduct does not come into play *until* the correct offense guideline has been selected. As *Chandler* notes:

> [A] court does not enjoy unlimited discretion in determining what constitutes relevant conduct. Instead, pursuant to U.S.S.G. § 1B1.3(a), conduct is relevant only to the extent that it relates to (1) calculating the base offense level, (2) considering the specific offense characteristics set forth in the particular guideline, (3) considering any cross-references contained in the particular guideline, and (4) making any adjustments authorized by Chapter Three. In other words, once the court selects the appropriate guideline under step one, the court can take relevant conduct into account only as it relates to the factors set forth in that guideline. In this case, whether the offense occurred near a protected location is not relevant to any of these factors [set forth in § 2D1.1].

125 F.3d at 897-98 (internal citation omitted). In determining the applicable offense guideline section, the court considers the defendant's offense conduct. Once the proper guideline section has been selected, relevant conduct is considered in determining various sentencing considerations within that guideline, including the base offense level, specific offense characteristics, and any cross-references. U.S.S.G. § 1B1.3(a).[7] In other words, the defendant's "relevant conduct" is

---

[7]The Sentencing Guidelines define "relevant conduct" broadly to include

> all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; and in the case of a jointly undertaken criminal activity (a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy), all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity, that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense; ... all harm that resulted from [those] acts and omissions ..., and all harm that was the object of such acts and omissions; and any other information specified in the applicable guideline.

U.S.S.G. §§ 1B1.3(a).

10

actually irrelevant to determining the applicable offense guideline section. We agree with the Fourth Circuit that

> [t]o hold that the various guidelines of Chapter Two may apply regardless of whether the defendant has been convicted of the statutory provisions underlying those guidelines would effectively turn the Chapter Two guidelines into a series of specific offense characteristics, a result we do not believe the Sentencing Commission to have contemplated.

*Locklear,* 24 F.3d at 649 n. 5. Therefore, we conclude that it was error to apply § 2D1.2 on the basis of the defendant's conduct of selling drugs near a school, where such conduct was not part of the offense of conviction.

In fact, the approach of *Oppedahl* and *Clay,* which use a defendant's relevant conduct to jump from § 2D1.1 to § 2D1.2, is foreclosed by *Braxton v. United States,* 500 U.S. 344, 111 S.Ct. 1854, 114 L.Ed.2d 385 (1991). In *Braxton,* the defendant pled guilty to assault on a federal marshal, although the facts adduced at his guilty plea proceeding arguably would have supported a conviction for attempted murder. The Supreme Court held that it was error to base the defendant's sentence on the offense guideline applicable to attempted murder because stipulating to a more serious offense is the only limited exception to the general rule that a court must apply the offense guideline section most applicable to the offense of conviction. 500 U.S. at 346, 111 S.Ct. 1854 (citing § 1B1.2(a)). The Court did not say that there was a second exception permitting a court to apply the guideline section most applicable to the offense established by a defendant's relevant conduct. We are bound by the clear implication of *Braxton* to reject the relevant conduct avenue to sentencing a defendant for a more serious crime than the offense of conviction.

*Oppedahl* and *Clay* also rely on § 1B1.3 comment. (n.6), which provides that "[a] particular guideline (in the base offense level or in a specific offense characteristic) may expressly direct that a particular factor be applied only if the defendant was convicted of a particular statute.... Unless

11

such an express direction is included, conviction under the statute is not required." This commentary to § 1B1.3, like § 1B1.3 itself, does not authorize a court to select an offense guideline based on conduct that was not an element of the offense of conviction. Rather, by its own terms, this commentary applies only to a determination of the base offense level or specific offense characteristic once a particular offense guideline is selected.

The United States does not base its argument on relevant conduct, but rather joins *Clay* in relying on the concept of a defendant's "actual conduct," which is mentioned in § 1B1.2 comment. (n.3). *Clay,* 117 F.3d at 319. This commentary states that "[i]n many instances, it will be appropriate that the court consider the actual conduct of the offender, even when such conduct does not constitute an element of the offense." In relying on this language, the United States and *Clay* ignore the rest of the application note which explains that the court may consider "actual conduct" in four situations: (a) when an offender stipulates certain facts in a plea agreement, (b) when the court considers the applicability of certain offense characteristics within individual guidelines, (c) when it considers various adjustments, and (d) when it considers whether or not to depart from the guidelines for reasons relating to offense conduct. U.S.S.G. § 1B1.2 comment. (n.3). This application note does not suggest that a court may or should consider conduct outside of the elements of the offense of conviction in determining the applicable offense guideline, except in the situation where a defendant has stipulated to facts in a plea agreement, which Saavedra did not do.

### III. Conclusion

In sum, § 2D1.2 is the offense guideline that sets the punishment for violations of 21 U.S.C. § 860. Saavedra was not convicted of this crime, and he may not be sentenced as if he were. If the United States intended for Saavedra to suffer the penalties for trafficking in drugs near a school, he

should have been indicted for violating 21 U.S.C. § 860. Alternatively, the United States could have obtained a stipulation from Saavedra, specifically admitting to conduct violative of § 860. Saavedra was sentenced for a crime to which he did not stipulate, for which he was not indicted, and of which he was not convicted. This result is not countenanced by the Sentencing Guidelines. Accordingly, we vacate Saavedra's sentence and remand this case for resentencing consistent with this opinion.

VACATED AND REMANDED.