[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-13272
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 25, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00111-CR-ODE-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEPHEN E. TAYLOR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 25, 2008)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Stephen Taylor appeals his sentence of imprisonment for 78 months

following his plea of guilty to wire fraud. 18 U.S.C. § 1343. Taylor argues that the district court erred in applying the sections of the Sentencing Guidelines for general fraud, U.S.S.G. §§ 2B1.1(a), 2B1.1(b)(1)(J), because the sections for tax fraud, U.S.S.G. §§ 2T1.6, 2T4.1, should have been applied based on the cross-reference in section 2B1.1(c)(3). The government agrees that the district court erred. We vacate and remand.

Taylor was the president of 20/20 Payroll Solutions, Inc., which provided services for the payment of payroll and related taxes for small companies. Taylor began diverting funds that were to be used for the payment of federal taxes owed by clients to pay instead for personal expenses and investments. As a result of the diversion of funds, 20/20 Payroll Solutions failed to pay timely federal taxes owed by its clients. Taylor then provided clients with false confirmation numbers and misrepresented that an employee had embezzled funds and the Internal Revenue Service had made computer errors. Taylor used funds of one client to pay the amounts owed by another client, prepared false tax forms, and prepared a false letter about the payment of taxes owed by a client. On June 15, 2006, Taylor caused a false letter to be sent by facsimile transmission from Marietta, Georgia, to a business in Birmingham, Alabama.

Taylor pleaded guilty based on a written plea agreement. Both Taylor and

2

the government agreed that the cross-reference in section 2B1.1(c)(3) of the Sentencing Guidelines applied because Taylor's conduct established an offense, 26 U.S.C. § 7202, covered by section 2T1.6. The presentence investigation report did not apply the cross-reference from section 2B1.1(c)(3) to section 2T1.6 because the probation officer concluded that the offense was the embezzlement of funds. The parties objected but the district court adopted the conclusion of the presentence report. The district court reasoned that only an employer could be prosecuted for the tax offense under section 7202.

We review the interpretation of the Sentencing Guidelines de novo and factual findings for clear error. United States v. Jordi, 418 F.3d 1212, 1214 (11th Cir. 2005).

The statute of conviction makes it illegal to devise a scheme to defraud or obtain money or property by means of false or fraudulent pretenses and to transmit by wire any writings for the purposes of executing the scheme. 18 U.S.C. § 1343. The applicable guideline is section 2B1.1, but the cross-reference in subsection (c)(3) provides that, when the defendant is convicted under section 1343, which is a "general fraud statute," and "the conduct set forth in the count of conviction establishes an offense specifically covered by another guideline," the more specific guideline should apply. "Once the proper guideline section has been selected,

3

relevant conduct is considered in determining various sentencing considerations within that guideline, including the base offense level, specific offense characteristics, and any cross-references." United States v. Saavedra, 148 F.3d 1311, 1317 (11th Cir. 1998).

The district court erred when it concluded that only an employer can be charged under section 7202, which makes it illegal for a person who is required to collect, account for, and pay over any tax to refuse willfully to do so. 26 U.S.C. § 7202. Taylor was responsible for paying the taxes of his clients. See Slodov v. United States, 436 U.S. 238, 245–47, 98 S. Ct. 1778, 1784–85 (1978). A person also may be charged as a principal when he willfully causes an act to be done that, if directly performed by him or another, would be an offense against the United States. 18 U.S.C. § 2(b). The purpose of section 2(b) is "to impose criminal liability on one who causes an intermediary to commit a criminal act, even though the intermediary who performed the act has no criminal intent and hence is innocent of the substantive crime charged." United States v. Tobon-Builes, 706 F.2d 1092, 1099 (11th Cir. 1983). "[A] person 'who is incapable of committing a substantive criminal offense if he acted alone may nevertheless be liable as a principal where he willfully causes the prohibited conduct to be committed by intermediaries who have the capacity to commit the substantive criminal offense

4

but who lack the criminal intent to be guilty of that offense.'" United States v. Walser, 3 F.3d 380, 388 (11th Cir. 1993) (ellipses in original) (quoting Tobon-Builes, 706 F.2d at 1100). The applicable guideline for section 2(b), U.S.S.G. § 2X2.1, provides that the offense level for aiding and abetting a crime is the same as the underlying offense. U.S.S.G. Appendix A, Statutory Index; U.S.S.G. § 2X2.1.

We vacate Taylor's sentence and remand for further proceedings.

**VACATED AND REMANDED.**